No. 29,606.

CLARENCE F. QUINLAN, *Appellee,* v. JOSEPH ZIELINSKI, *Appellant.*
(294 Pac. 677.)

Opinion filed January 10, 1931.

*Ben F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the appellant.
*James D. Howell,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one for damages for injuries sustained in an automobile collision. The defendant appeals from an order overruling his demurrer to the petition of the plaintiff.

The material parts of the petition are that the plaintiff was riding in an automobile with some other persons on a public street in Jackson county, Missouri; that while crossing an intersecting street "a Dodge sport automobile, which was then and there the property of and owned by the defendant Joseph Zielinski, and operated and controlled by the defendant, Helen Oertel, in a northwesterly direction on the said 42d street at a high and dangerous rate of speed, to wit: about thirty miles per hour, carelessly and negligently ran into and collided with the automobile of the aforesaid Ben T. Clarkson in which plaintiff was a passenger"; and that "the defendant Joseph Zielinski and the defendant Helen Oertel were engaged in a joint enterprise—that is, they were riding for the mutual pleasure of both, and the said defendant Helen Oertel was operating the aforesaid Dodge sport automobile in her own behalf and for her own pleasure and in the behalf of her codefendant, Joseph Zielinski, and for his pleasure."

A number of allegations of negligence on the part of the defendants are set out in the petition. It is not necessary to repeat them.

To show the contention of the defendant, we quote from his brief as follows:

"It will be noted from the above that the petition alleges that Miss Oertel actually was operating the Dodge without any allegation whatever that she was operating it under the supervision, direction or under the control, of Zielinski, her guest, and in the absence of such an allegation we claim the petition does not state a cause of action against Joseph Zielinski."

Recapitulating, the parts of the petition now necessary to examine allege that the defendant Zielinski owned the automobile; that he and Miss Oertel were riding in it for their mutual pleasure and were engaged in a joint enterprise; and that Miss Oertel was driving the automobile for herself and for Zielinski. The petition states a cause of action; the demurrer was properly overruled.

The judgment is affirmed.

Harvey, J. (concurring specially): I concur in the order of affirmance for the reason that as against a general demurrer the petition states facts sufficiently definite to justify a trial. It is my view, however, that before plaintiff can recover from the appellant the evidence must be such as to show, or at least to enable the jury reasonably to infer, that the appellant was in joint control with the driver of the car in the operation of the car at the time of the casualty.